### UNITED STATES v. RUSSELL.

(Circuit Court of Appeals, Second Circuit. January 25, 1898.)

No. 28.

CUSTOMS DUTIES—IMPORTATIONS FOR TEMPORARY USE—FAILURE TO RE-EXPORT
—RATE OF DUTIES.

Theatrical costumes admitted free, under bond, for temporary use, pursuant to paragraph 596 of the act of 1894, are subject, if not re-exported at the end of the bonded period, to the duties prevailing at the time of importation, though a new law, imposing different rates, has gone into effect in the meantime. 78 Fed. 808, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Lillian Russell from a decision of the board of general appraisers affirming the action of the collector as to the rate of duty on certain theatrical costumes admitted free, under bond, for temporary use, and not re-exported. The circuit court reversed the decision of the board (78 Fed. 808), and the United States have appealed.

Henry C. Platt, for the United States.

Albert Comstock, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Lillian Russell imported into the port of New York on October 27, 1894, a large quantity of woolen theatrical costumes, which were duly entered at the custom house, and examined by the appraiser, and were appraised. Paragraph 596 of the tariff act of August 28, 1894, which places in the free list implements of occupation, is as follows:

"Professional books, implements, instruments, and tools of trade, occupation, or employment, in the actual possession at the time of persons arriving in the United States; but this exemption shall not be construed to include * * * nor shall it be construed to include theatrical scenery, properties, and apparel, but such articles brought by proprietors or managers of theatrical exhibitions arriving from abroad for temporary use by them in such exhibitions and not for any other person and not for sale and which have been used by them abroad shall be admitted free of duty under such regulations as the secretary of the treasury may prescribe; but bonds shall be given for the payment to the United States of such duties as may be imposed by law upon any and all such articles as shall not be exported within six months after such importation: provided, that the secretary of the treasury may in his discretion extend such period for a further term of six months in case application shall be made therefor."

On October 29, 1894, the importer gave a bond, with sureties, to the United States, conditioned as follows:

"Now, therefore, the condition of this obligation is such that if the said Lillian Russell shall well and truly observe and comply with the provisions of said paragraph 596, and export the said theatrical effects without the limits of the United States within six months from this date, or, in the event of her failure to export the said effects, pay the proper duties which the collector of customs of New York may assess upon the same, within the time prescribed by law for the collection of duties on imported merchandise, then this obligation to be void; otherwise to remain in full force and virtue."

The articles were delivered to the importer without the exaction of any duty, and thereafter remained in her possession. At the expiration of the first six months after the importation, the goods not having been exported, the secretary of the treasury, upon the application of the importer, extended the period within which the goods could be exported without payment of duties for another six months. At the expiration of the second period, the goods still remaining in this country, the collector demanded payment of the duties which he had liquidated on May 3, 1895. Under the tariff act of 1894, the new duties upon woolen goods did not go into effect until January 1, 1895. The collector liquidated the duties due upon the articles in question at the higher rate of duty which was imposed by the act of 1890 at the date of their importation. The importer protested on November 1, 1895, against this assessment, upon the ground that the goods had not become dutiable until after January 1, 1895, and therefore were dutiable under the new rate in the woolen schedule of the act of 1894. The board of appraisers sustained the collector, upon the ground that the protest was not lodged with the collector until more than 10 days after the liquidation. The circuit court reversed the decision of the board, upon the ground that the merchandise did not become subject to any duty, and that the collector had no authority to make a liquidation until the expiration of the second six months. The theory of the importer is, not only that these theatrical properties were exempt from duty in case they are exported within the six months allowed by the statute, or within the additional term of six months, if such extension shall be allowed by the secretary of the treasury, but that at the expiration of such allowed period or periods the duties must be in accordance with the statute in force at that time, and that, if the duties had been lowered, the importer need pay only at the diminished rates; if they have been increased, the United States must receive the enlarged duty. We do not so understand the intent of paragraph 596. It provided that the implements of one's occupation should be free from duty, but that this exemption should not include theatrical properties, which, however, could be admitted without payment of duty, and none need be paid if the properties should be exported within a specified time. If they remained in the country beyond such time, they must pay the duties which were imposed upon similar goods at the time of the importation. The statute did not intend to provide one rate of duties for the importer who imported his theatrical properties for permanent use, and to impose a possible different rate upon the theatrical proprietor who professes to import his properties for temporary use, but retains them in the country permanently. The paragraph admits free of duty theatrical properties brought in by proprietors of theatrical exhibitions for temporary use, but it imposes a duty upon such properties imported for permanent use, or which, brought in for temporary use, remain here longer than 12 months, and requires a bond for the payment of the duties upon the latter class. The amount of duties is to be liquidated in accordance with the laws which existed at the time of the importation. It follows that, before the expiration of the time prescribed by the statute or allowed by the secretary of the

treasury, the collector had the right both to appraise and to liquidate; that is, to ascertain the value of the goods, and state the amount of the duties which might subsequently be due. The decision of the circuit court is reversed.